UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ANAYA, | No. 2:15-cv-1131-JAM-EFB P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| W.L. MUNIZ, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on April 11, 2012 in the Sacramento County Superior Court on charges of robbery and assault by means of force likely to cause great bodily injury. He also challenges the decision to deny him probation and sentence him to a twelve year prison term. He seeks federal habeas relief on the following alleged grounds: (1) the trial court's denial of his motion for severance violated his due process rights; (2) the trial court's denial of his motion for new trial violated his due process rights; (3) there was insufficient evidence to support the gang enhancement; and (4) alternatively, the trial court's denial of probation was fundamentally unfair. Upon careful consideration of the record and the applicable law, it is recommended that petitioner's application for habeas corpus relief be denied.

/////

1

## I. Background

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> Defendant Jonathan Velez Anaya ambushed former gang member D'Angelo Gutierrez by punching him in the face as Gutierrez left a liquor store. Defendant then participated with two other men, including his brother Joel Anaya, in beating and robbing Gutierrez. The attack was recorded by a surveillance system.
>
> Convicted of robbery (Pen.Code, § 211; all further unspecified code citations are to the Penal Code) and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)) with a finding that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and sentenced to 12 years in state prison (the low term of two years for robbery, plus 10 years for the gang enhancement), defendant appeals. He contends: (1) the trial court abused its discretion by denying his motion to sever his trial from his brother's; (2) the trial court abused its discretion by denying his motion for new trial; (3) the evidence was insufficient to find that the crimes were committed for the benefit of a criminal street gang; and (4) the trial court abused its discretion by denying probation and sentencing him to state prison.
>
> We affirm.
>
> BACKGROUND
>
> *Crimes Against Gutierrez*
>
> In the evening of October 22, 2011, D'Angelo Gutierrez went to a liquor store in Sacramento to make a purchase. As he was leaving the store, someone punched him in the face. He was punched many times by several people until he was knocked to the ground. While he was on the ground, he was punched and kicked all over the body by defendant, Joel Anaya, and another unidentified person. In all, he was kicked more than he was punched. The assailants took his shirt and shoes and left.
>
> Police officers arrived soon after the beating to find Gutierrez on the ground. He had a laceration on the back of his head; he had patterned bruises on his arm and face; and his eyes were swelling shut. Gutierrez told an officer that he had been a Norteño but had dropped out of the gang.
>
> The responding officers viewed the liquor store's surveillance video and identified defendant as the person who punched Gutierrez in the face as he was leaving the liquor store. He and his brother Joel Anaya were

apprehended soon after the beating.

Defendant had a tattoo on his hand in the pattern of dots typical of a Norteño tattoo.

*Codefendant's Crimes in Galt*

On November 17, 2010 (11 months before the liquor store assault), Joel Anaya and a group of Norteños approached a group of Sureños in a park in Galt. Joel fired four to six shots at the Sureños and then fled with the other Norteños.

*Expert Testimony Concerning Criminal Street Gang Enhancement*

Officer Don Schumacher of the Sacramento Police Department testified as an expert on Hispanic street gangs. He said that it is typical for members of a criminal street gang to attack a former gang member who has dropped out.

Detective Kyle Slater of the Galt Police Department also testified as an expert on Hispanic street gangs. He said that defendant was validated as a Norteño in 2005, after he was involved in a fight during which a Sureño was beaten with a bat. In 2010, defendant was contacted by law enforcement investigating a curfew violation. At the time, defendant was with known Norteños. Again in 2010, defendant was identified as an occupant of a car, along with other Norteño gang members who had just been involved in a gang-related fight. Based on these circumstances, Detective Slater expressed the opinion that defendant was a Norteño at the time of the Gutierrez beating.

*Procedure*

Defendant was charged by information along with his brother. Counts one through four charged Joel Anaya with two counts of premeditated attempted murder and two counts of assault with a firearm, relating to one of the Galt incidents. Counts five and six charged defendant and Joel together with robbery and assault by means of force likely to cause great bodily injury of D'Angelo Gutierrez. The robbery, count five, was alleged as a serious felony. And the information alleged that all of the crimes were committed for the benefit of a criminal street gang.

A jury found defendants guilty on all counts and found the criminal street gang enhancement true

*People v. Anaya*, No. C071698, 2014 WL 6610223, at *1-2 (Cal. Ct. App. Nov. 21, 2014), review denied (Jan. 28, 2015).

3

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1,5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of

an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008)

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

(en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the

6

state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

### III. Petitioner's Claims

#### A. Denial of Petitioner's Motion for Severance

Petitioner, by way of his first ground for federal habeas relief, contends that the trial court's denial of his motion for severance violated his due process rights. ECF No. 1 at 26-32.[2] On appeal, petitioner argued that the evidence of his own gang affiliation was much weaker than that of his brother and the failure to sever their cases prevented the jury from rendering a judgment based only on the evidence admissible against him. ECF No. 13-1 at 3. The California Court of Appeal rejected this argument, reasoning:

> [T]he evidence of Joel's gang affiliation was relevant and admissible as to whether defendant was also affiliated because they participated together in assaulting a former gang member. Even if defendant had been tried separately from his brother, his brother's participation in defendant's crime and his brother's gang affiliation would have been admissible. (*See People v. Bradford* (1997) 15 Cal.4th 1229, 1315–1316 [cross-admissibility of evidence generally dispels inference of prejudice in joinder].)
>
> During the trial, the court properly instructed the jury that it could not use evidence relating to the counts charged only against Joel (counts one

---

[2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

7

> through four) to find defendant guilty. Defendant's counsel also cautioned the jury not to let Joel's guilt affect its judgment with respect to defendant.
>
> Speculation on appeal that the jury may not have been able to follow the court's instructions does not support reversal. (*People v. Anderson* (2007) 152 Cal.App.4th 919, 951 [jurors presumed to follow jury instructions].)
>
> Defendant's contention that the trial court abused its discretion by denying his motion to sever his trial from his brother's trial is without merit.

*Anaya*, 2014 WL 6610223, at *2-3.

After the Court of Appeal rejected his severance arguments, petitioner raised this issue in a petition for review filed in the California Supreme Court. Lodg. No. 7 (Petition for Review) at 10-17. The Supreme Court summarily denied his petition for review. Lodg. No. 8 (Denial of Petition for Review).

### 1. **Applicable Legal Standard**

In evaluating a severance claim federal courts do not look to either the state law governing severance in state trials or the procedural rights to severance afforded in federal trials. *Grisby v. Blodgett*, 130 F.3d 365, 370 (9th Cir. 1997). Instead, the relevant question is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991). "There is no prejudicial constitutional violation unless simultaneous trial of more than one offense . . . actually render[ed] petitioner's state trial fundamentally unfair and hence, violative of due process." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (citations and internal quotation marks omitted). Petitioner bears the burden of proving that the denial of severance rendered his trial fundamentally unfair, *Grisby*, 130 F.3d at 370, and must establish that prejudice arising from the failure to grant a severance was so "clear, manifest, and undue" that he was denied a fair trial. *Lambright v. Stewart*, 191 F.3d 1181, 1185 (9th Cir. 1999) (quoting *United States v. Throckmorton*, 87 F.3d 1069, 1071-72 (9th Cir. 1996)).

### 2. **Analysis**

The court finds that the trial court's denial of petitioner's severance motion did not render his trial fundamentally unfair. As the Court of Appeal noted, Joel Anaya's participation in

8

| | |
|---|---|
| 1 | petitioner's crime and his gang affiliation would have been admissible even if the siblings had |
| 2 | been tried separately. *Anaya*, 2014 WL 6610223, at *2; *see also* Cal. Evid.Code § 1101(b). |
| 3 | Additionally, the trial court instructed the jury to "consider the evidence as it applies to each |
| 4 | defendant" and to "decide each charge for each defendant separately." Lodg. No. 1 (Clerk's |
| 5 | Transcript) at 169. Petitioner has not presented any evidence, other than his own speculation, that |
| 6 | the jury ignored these instructions. *See Park v. California*, 202 F.3d 1146 (9th Cir. 2000) ("In |
| 7 | order to demonstrate actual unfairness, however, [petitioner] must show that the jury was actually |
| 8 | inflamed.") To the contrary, juries are presumed to follow the court's instructions. *Richardson v.* |
| 9 | *Marsh*, 481 U.S. 200, 211 (1987). Finally, petitioner's argument that the siblings had |
| 10 | "substantially different strategies that necessitated severance of their cases" is unsupported by any |
| 11 | convincing legal or factual rationale. ECF No. 1 at 29. It may be, as petitioner believes, that his |
| 12 | chances of acquittal would have improved had severance been granted. It is well established, |
| 13 | however, that "defendants are not entitled to severance merely because they may have a better |
| 14 | chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). |
| 15 | Accordingly, the court finds that the trial court's decision to deny petitioner's motion for |
| 16 | severance did not violate his due process rights. |

**B. Denial of Petitioner's Motion for New Trial**

In his second ground for relief, petitioner claims that his due process rights were violated when the trial court denied his motion for new trial. He contends that a new trial was warranted because of the prejudicial decision not to sever his trial from his brother's. The Court of Appeal, having already concluded that the decision not to sever was not an abuse of the trial court's discretion, rejected this argument. It reasoned:

> Because we have concluded that the trial court did not abuse its discretion in denying the motion to sever defendant's trial from his brother's and because nothing that occurred during trial raised a doubt about the propriety of the trial court's pretrial ruling, we conclude that the trial court did not abuse its discretion in denying the motion for new trial on the same grounds.

*Anaya*, 2014 WL 6610223, at *3. Petitioner also raised this argument in his summarily denied petition to the California Supreme Court. Lodg. No. 7 (Petition for Review) at 18-20.

The court has already concluded that the decision to deny petitioner's motion to sever did not render his trial fundamentally unfair. Accordingly, the court also finds that the decision to deny his motion for new trial was not a violation of his due process rights. Nor was the decision contrary to clearly established federal law.

**C. Sufficiency of the Evidence Supporting the Gang Enhancement**

Petitioner's next claim is that there was insufficient evidence to support his gang enhancement. He argues that only the testimony of the gang expert witness supported the enhancement and the jury "apparently ignored all other facts and circumstances established by the defense." ECF No. 1 at 35-36. He notes that evidence was presented showing that he had no gang-related tattoos and no gang affiliation since the age of fifteen. *Id*. at 36. Additionally, he argues that the victim himself gave no indication that the crime was gang related. *Id*. The Court of Appeal rejected his argument, reasoning:

> Defendant contends the evidence was insufficient to establish that he committed the crimes for the benefit of a criminal street gang. He claims that that the only reasonable inference was that these were not gang crimes. To the contrary, there was substantial evidence that defendant committed the crimes against Gutierrez for the benefit of a criminal street gang.
>
> When a defendant contends the evidence was insufficient to sustain the verdict, we review the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) The focus of the substantial evidence test is on the whole record of evidence presented to the trier of fact, rather than on " 'isolated bits of evidence.' " (*Id*. at p. 577.)
>
> We apply the same standard to convictions based largely on circumstantial evidence. (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1745.) We must "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Reilly* (1970) 3 Cal.3d 421, 425.) We must not reweigh the evidence, reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact. (*People v. Pitts* (1990) 223 Cal.App.3d 606, 884.)
>
> Defendant claims he had no gang tattoos. To the contrary, an officer testified that defendant had a tattoo in a pattern of dots on the webbing of

10

> his hand seen "very commonly with gangs and specifically with ... Norteños."
>
> Defendant recognizes that the gang expert gave his opinion, based on the evidence, that the crimes were committed for the benefit of a criminal street gang and that the expert gave his reasons for his opinion, but defendant claims that the jury "apparently ignored all the other facts and circumstances established by the defense. No gang[ ] tattoos, no affiliation since the age of 15 and no indication from the victim that this was a gang related crime."
>
> This argument is unconvincing because (1) he had a gang tattoo, (2) he had been validated as a Norteño gang member, (3) the gang experts expressed the opinion that he was a gang member and that he committed the crimes for the benefit of a criminal street gang, and (4) defendant participated with another gang member in beating a former gang member. Additionally, there is no reason to conclude the jury "ignored" evidence in defendant's favor.
>
> Defendant does not deny that his brother is a gang member. In fact, he points to the stronger indicia of his brother's gang membership (tattoos and evidence of gang membership in his clothing and his home) as support for his argument that, because those indicia did not exist as to him, there was no reasonable inference that he was a gang member. That argument is weak. While it is true defendant did not have the same tattoos or gang clothing, there was other, substantial evidence of his gang membership.
>
> Defendant provides no support for his assertion that the jury ignored evidence in his favor on whether he committed the crimes for the benefit of a criminal street gang. To the contrary, we presume the jury properly fulfilled its duty. (People v. Anderson, supra, 152 Cal.App.4th at p. 951.) The jury weighed the conflicting evidence concerning the commission of the crime for the benefit of a criminal street gang and found, based on substantial evidence, that defendant committed the crimes for the benefit of a criminal street gang. (People v. Zamudio (2008) 43 Cal.4th 327, 357.)
>
> The evidence was sufficient to sustain the gang enhancement.

*Anaya*, 2014 WL 6610223, at *3-4. As with his other claims, petitioner raised this issue again in his petition for review before the California Supreme Court. Lodg. No. 7 (Petition for Review) at 20-22. As noted above, the Supreme Court summarily denied that petition. Lodg. No. 8 (Denial of Petition for Review).

/////

### 1. **Applicable Legal Standard**

#### a. **Sufficiency of the Evidence**

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he dispositive question under *Jackson* is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). Put another way, "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, __ U.S. __, 132 S.Ct. 2, *4, 181 L. Ed. 2d 311 (2011). Sufficiency of the evidence claims in federal habeas proceedings must be measured with reference to substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16.

In conducting federal habeas review of a claim of insufficient evidence, "all evidence must be considered in the light most favorable to the prosecution." *Ngo v. Giurbino*, 651 F.3d 1112, 1115 (9th Cir. 2011). "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial," and it requires only that they draw "'reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, __ U.S. __, 132 S.Ct. 2060, 2064, 182 L. Ed. 2d 978 (2012) (per curiam ) (citation omitted). "'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.'" *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995) (citation omitted).

If the record supports conflicting inferences, the reviewing court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133, 130 S. Ct. 665, 175 L. Ed. 2d 582 (2010) (per curiam) (quoting *Jackson*, 443 U.S. at 326).

/////

In evaluating the evidence presented at trial, this court may not weigh conflicting evidence or consider witness credibility. *Wingfield v. Massie*, 122 F.3d 1329, 1332 (10th Cir. 1997). Instead, as noted above, the Court must view the evidence in the "light most favorable to the prosecution," *Jackson*, 443 U.S. at 319.

Juries have broad discretion in deciding what inferences to draw from the evidence presented at trial. This court may not "impinge[ ] on the jury's role as factfinder," or engage in "fine-grained factual parsing." *Coleman*, 132 S.Ct. at 2065. As the Ninth Circuit has explained, "[t]he relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991). Under *Jackson*, the Court need not find that the conclusion of guilt was compelled, only that it rationally could have been reached. *Drayden v. White*, 232 F.3d 704, 709-10 (9th Cir. 2000).

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Because this case is governed by the Anti-Terrorism and Effective Death Penalty Act, this court owes a "double dose of deference" to the decision of the state court. *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) (quoting *Boyer v. Belleque*, 659 F.3d 957, 960 (9th Cir. 2011)). *See also Coleman*, 132 S.Ct. at 2062 ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir. 2015) (same).

### b. California Law on Criminal Street Gang Enhancement

The prosecution must prove two elements to establish a gang enhancement: (1) that the crime was "committed for the benefit of, at the direction of, or in association with any criminal street gang," and (2) that the defendant had "the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." Cal. Penal Code § 186.22(b)(1). The element of specific intent does not "require[ ] that the defendant act with the specific intent to promote, further, or assist a gang; the statute requires only the specific intent to promote, further, or assist criminal conduct by gang members." *People v. Albillar*, 51 Cal. 4th 47, 67 (2005). Further,

13

"[t]here is no statutory requirement that this 'criminal conduct by gang members' be distinct from the charged offense, or that the evidence establish specific crimes the defendant intended to assist his fellow gang members in committing." *Id*. at 66.

### 2. **Analysis**

This court finds that the Court of Appeal was not objectively unreasonable in concluding that sufficient evidence supported petitioner's gang enhancement. First, expert testimony is sufficient on its own to establish that some particular conduct benefited a gang. *People v. Vang,* 52 Cal. 4th 1038, 1048 (2011) ("'Expert opinion that particular criminal conduct benefited a gang' is not only permissible but can be sufficient to support the Penal Code section 186.22, subdivision (b)(1), gang enhancement." (quoting *Albillar*, 51 Cal. 4th at 63)); *see also Bonilla v. Adams*, 423 F. App'x 738, 739-740 (9th Cir. 2011) (rejecting a sufficiency of evidence claim where petitioner committed a robbery with two other gang members and expert testimony "explained in hypothetical terms how such offenses could be useful to the gang as a whole"). Second, there was sufficient evidence that petitioner was affiliated with the Norteño gang. He was validated as a Norteño gang member in 2005 after a fight in which a rival gang member was beaten with a baseball bat. Lodg. No. 2 (Reporter's Transcript Volume 2 of 4) at 530. An officer also testified that petitioner, along with Joel Anaya and several other Norteño gang members, were contacted by law enforcement in September of 2010 after another gang fight. *Id*. at 532. Finally, petitioner and his brother – whose Norteño gang membership he does not deny – robbed and assaulted an individual who had formerly been validated as a Norteño. A gang expert opined that such former gang members or 'dropouts' are often physically attacked by current gang members as punishment for their disassociation. *Id*. at 435-436.

Based on the foregoing, the Court of Appeal was correct in determining that there was sufficient evidence to support petitioner's gang enhancement. The record simply does not support petitioner's contention that a finding in his favor on this enhancement was the only reasonable outcome.

/////

/////

**D. Denial of Probation**

Petitioner's last argument is that the trial court's denial of probation and twelve year prison sentence were fundamentally unfair. He emphasizes his testimony at the sentencing hearing where he admitted his involvement in the assault but denied any gang affiliation or motivation. ECF No. 1 at 37. Petitioner claims that this testimony provided the trial court with a 'clear picture' of his motivation for the robbery and assault. *Id*. Finally, he notes that the trial court had a recommendation from a probation officer that his twelve year prison term be suspended. *Id*. The Court of Appeal rejected these arguments:

> Finally, defendant contends the trial court abused its discretion in denying probation and sentencing defendant to a term in state prison. He bases this contention on his own testimony at the sentencing hearing, in which he (1) admitted his involvement in the assault but (2) denied gang affiliation or a gang motivation for the crimes. Appellate counsel vouches for this testimony by calling it "truthful[ ]" and declaring that the trial court "now had a clear picture of [defendant's] motivation for the assault." Defendant argues that these factors, combined with the recommendation of the probation department that probation be granted, establish that the trial court's denial of probation was "irrational and arbitrary and not at all reasonable."
>
> A court may not grant probation to a defendant who has willfully inflicted great bodily injury, as here, unless there are unusual circumstances justifying probation. (§ 1203, subd. (e)(3).)
>
> The "grant or denial of probation is within the trial court's discretion and the defendant bears a heavy burden when attempting to show an abuse of that discretion." (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) A court abuses its discretion by denying probation when its order is "arbitrary or capricious, or ' "exceeds the bounds of reason, all of the circumstances being considered." ' [Citation.]" (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.)
>
> At the sentencing hearing, the trial court stated that, despite defendant's denial of gang affiliation at the sentencing hearing, the evidence established that defendant knew Gutierrez was a Norteño dropout and he attacked him for that reason. In fact, the trial court found that defendant's denial of gang affiliation at the sentencing hearing was not credible. The court also said that, after watching the video of the crimes, it was shocked that Gutierrez did not die, or at least have a fractured skull. The court noted that defendant had been involved in gangs as a juvenile and was a ward of the court as a result, which terminated in 2007, and that he did not do well

15

> on probation as a juvenile. Defendant is an alcoholic and admitted in his sentencing hearing testimony to driving while intoxicated on the night of the crimes. Also, defendant was assessed by the probation department as being a high risk to reoffend. Based on this and more, the trial court concluded that there were no unusual circumstances justifying a grant of probation.
>
> This is not a close case. The circumstances cited by the trial court all weigh in favor of a state prison term. Accordingly, it was not an abuse of discretion to impose the state prison term.

*Anaya*, 2014 WL 6610223, at *4-5. Petitioner raised this issue in his petition to the California Supreme Court, which was summarily denied. Lodg. No. 7 (Petition for Review) at 22-23; Lodg. No. 8 (Denial of Petition for Review).

### 1. **Applicable Legal Standard**

It is well settled that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62 (1991). As such, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Such fundamental unfairness might include any sentence "based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency . . ." *Makal v. Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976). A petitioner cannot, however, transform state law claims into federal ones simply by adding phrases like "due process" and "Fourteenth Amendment." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating that a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process.").

### 2. **Analysis**

The Court of Appeal noted that a defendant who willfully inflicts great bodily injury – as petitioner had – would not be entitled to probation absent unusual circumstances. No evidence before this court indicates that the trial court's decision not to grant probation was motivated by any proscribed federal ground. As such, the court finds that petitioner is not entitled to federal habeas relief.

16

**IV. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 16, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE